## PHILIPS' CASE.

*Supreme Court, First District; General Term, January,* 1865.

DISCHARGE IN INSOLVENCY.—AMENDMENT OF PETITION.

In proceedings by an insolvent to obtain a discharge from his debts under the two-thirds act, the omission by judgment creditors uniting in the petition, to add to their signatures, at the time of signing, a relinquishment of their judgments to the assignee, is an irregularity, and does not deprive the judge, to whom the petition is presented, of jurisdiction.

The defect may be cured by subsequent amendment, before further proceedings in the case.

Certiorari to review proceedings in insolvency.

SUTHERLAND, J.—The certiorari in this case brings up for review only questions of jurisdiction, of regularity, and of law. (Morewood a. Hollister, 2 *Seld.*, 309.)

The only question presented by the return appears to be one of jurisdiction.

Certain of the petitioning creditors were judgment creditors, and did not, at the time of signing the petition, add to their signatures a declaration that they relinquished such judgments to the assignee to be appointed, though such relinquishments were subsequently, and before any further proceedings by the judge, obtained and attached to the petition.

If the omission of these judgment creditors at the time of signing the petition was a mere irregularity, it was thus cured.

The Russell & Irwin Manuf. Co. a. Armstrong (12 *Abbotts' Pr.*, 472), is a decision of the general term of this district to the effect that this omission did not deprive the judge of jurisdiction, but was a mere irregularity.

The proceedings should be affirmed with costs.

LEONARD, J.—In the case of Hurst (7 *Wend.*, 240), an amendment was allowed, specifying the consideration of several debts, which had been omitted by the insolvent in the account of his creditors.

The amendment was held to be an answer to the objection that the original account was defective in this respect.

The amendment allowed in the case of Philips appears to be of a similar character.

The amendment in the present case, as in that of Hurst, cured an irregularity in a point not material to give the judge below jurisdiction over the case in its inception. Otherwise the amendment would have been within the principle decided in Small *a.* Wheaton (4 *E. D. Smith*, 306).

I concur with Judge Sutherland's conclusion.

BARNARD, J., concurred.