DUER et al. v. HUNT.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

1. INSOLVENCY—DISCHARGE—JURISDICTION.
    Under Code, § 2152, providing for the discharge of a debtor on execution of one or more written instruments, annexed to his petition, by one or more of his creditors, having debts due them in good faith, which amounts to not less than two-thirds of all the debts owing by the petitioner to creditors residing within the United States, where it appears from the petition and schedule that the creditors consenting to the discharge, and who verified the petition as required by statute, did not represent debts which amounted to two-thirds of all the debts owing by the petitioner to creditors within the United States, the court has no jurisdiction, and a discharge granted upon such a petition is void.

2. SAME—CONSENTING CREDITORS—NEXT OF KIN.
    Where the estate of a deceased creditor has not been settled, and the claim or demand transferred by the executor to the next of kin, such next of kin are not entitled to prove the claim against an insolvent debtor, or join in the petition for his discharge.

3. SAME—ATTORNEY IN FACT.
    Where the petition is not signed by the creditor, but by one who is described as an attorney in fact, and the affidavit is made by one as attorney in fact, and there is no proof that he was attorney in fact, it is not sufficient.

4. SAME—ASSIGNEE—CONSIDERATION.
    Under Code, § 2160, providing that the consent of a creditor must be accompanied by his affidavit, and, if he is an assignee of the debt, he must also specify the sum actually and in good faith paid for the debt, an allegation by an assignee that "she paid full consideration" is not sufficient.

5. SAME—OBJECTIONS TO JURISDICTION.
    Under Code, § 2186, providing that, when the insolvent debtor is guilty of certain specified offenses, a discharge that is granted shall be void, does not apply to objections to the jurisdiction of the court to entertain the proceeding.

Appeal from special term, New York county.

Action by James G. K. Duer and another against Richard R. Hunt. From an order vacating execution and levy thereunder, plaintiffs appeal. Reversed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

William B. Hornblower, for appellants.
Henry Steinert, for respondent.

INGRAHAM, J. The plaintiffs having issued an execution upon a judgment recovered on March 23, 1879, the defendant made a motion to vacate and set it aside, upon the ground that the judgment

debtor had obtained a discharge under the two-thirds act, granted by one of the judges of the court of common pleas on May 31, 1881. In opposition to this motion the plaintiffs attack the discharge as void upon the ground that the officer before whom the proceedings were had had no jurisdiction. Several objections were made by the plaintiffs to the sufficiency of the petition upon which the discharge was granted. As appears by the schedules annexed to the petition, the debtor owed $34,076.71. Two-thirds of this amount is $22,717.80. The total amount of the indebtedness to the creditors who joined in the petition was $23,401.81; exceeding two-thirds of all the debts owed by the petitioner to creditors residing within the United States by $687.01. Section 2152 of the Code provides that the petitioner must "annex to his petition one or more written instruments, executed by one or more of his creditors, residing in the United States, having debts owing to him or them in good faith, then due or thereafter to become due, which amount to not less than two thirds of all the debts owing by the petitioner to creditors residing within the United States. Each instrument must be to the effect that the person or corporation executing it consents to the discharge of the petitioner from his debts, upon his complying with the provisions of this article." There can be no doubt, I think, that if the amount due to the creditors executing the written instruments provided for by this section of the Code, and who verified the petition as required by the subsequent sections, did not amount to at least two-thirds of all the debts owing by the petitioner to creditors residing within the United States, the court had no jurisdiction to entertain the petition, and the discharge is void. The jurisdiction of the court to which the petition was presented depended upon a petition being presented which complied with the provisions of the statute. It was so held in Hale v. Sweet, 40 N. Y. 99. As was there said by Grover, J., in delivering the opinion of the court: "It was held by this court in Stanton v. Ellis, 12 N. Y. 575, that the discharge was not conclusive evidence of the facts necessary to give the officer jurisdiction, and that it might be avoided, in a collateral action, by proof of the nonexistence of such facts;" and it was held that, because the affidavit of the debtor annexed to his petition did not comply with the statute under which the proceeding was instituted, it was not a petition as required by the statute; the court then continuing: "If right in this, it follows that the discharge was void, and the judgment remained in full force." If the fact that the verification of the petition did not comply with the statute affected the jurisdiction of the court, so that the discharge afterwards granted was void, and could be attacked collaterally, it must follow that, if it appeared from the petition and schedule that the creditors consenting to the discharge, and who verified the petition as required by the statute, did not represent debts which amounted to two-thirds of all the debts owing by the petitioner to creditors within the United States, the court to which the petition was presented had no jurisdiction, and a discharge granted upon such a petition is void. Ex parte Philips, 19 Abb. Prac. 281, and Manufacturing Co. v. Armstrong, 12 Abb. Prac. 472, do not apply, as it does not appear that in those cases, if the claims of the petitioner's creditors which

were objected to had not been counted, there were not two-thirds of the creditors of the insolvent debtor who consented to the discharge.

It appears that the next of kin of William H. Cary joined in the petition as creditors for $572.10. The creditor is stated in the schedule of creditors as the "estate of William H. Cary," and the consent is signed by the widow and three other persons, describing themselves as "sole next of kin of William H. Cary, deceased," by Isaac H. Cary, attorney in fact. Isaac H. Cary, Jr., who describes himself as attorney in fact for the sole next of kin of William H. Cary, deceased, deposes that this sum is justly due the said widow and next of kin from the said insolvent for rent of premises which belonged to the said William H. Cary; but there was no proof that he was an attorney in fact, or that he had authority to sign the petition, or that the petitioner had acquired any title to the demand against the insolvent. There was no other affidavit of the persons described as such next of kin. The mere description of an affiant as an attorney in fact without swearing to the fact is not proof of such fact. Under ordinary circumstances, a debt due to a deceased person would vest in his executor or administrator, who could only become a consenting creditor under the order of the surrogate's court from which the letters were issued. If, however, the estate of the creditor had been wound up, and the claim or demand transferred by the executor to the next of kin, such next of kin would become the creditor, and would be entitled to prove the claim, or join in the petition for the discharge. There is, however, no evidence of such transfer, and the claim is described in the schedules as a claim of "Estate of William H. Cary." It also appears that the same objection exists as to John Gibson's Son & Co., representing the sum of $426.09, and A. Rocherau & Co., representing the sum of $354.24; amounting together to $780.33. These two creditors did not sign the petition, but it was signed by one who is described as an attorney in fact, but there is no proof that he was in fact such attorney. The affidavit, under section 2160 of the Code, in relation to the claim of John Gibson's Son & Co., was made by W. H. McAleer, Jr., describing himself as attorney in fact for John Gibson's Son & Co.; and M. L. Labranche verifies an affidavit describing himself as attorney in fact for A. Rocherau & Co., one of the petitioning creditors. The amount of the indebtedness, therefore, of these two creditors, must also be deducted. It also appears that Jane Leggat, one of the petitioning creditors, cannot be considered a creditor consenting to the discharge. She signs the petition as a creditor for the sum of $1,727.75. She claims as assignee of A. W. Leggat, who was a creditor of the insolvent. Her affidavit, which is annexed to the petition, states that such claim was "duly assigned to deponent by the said A. W. Leggat, and for which she paid full consideration, and that neither she nor any person to her use hath received from the said insolvent, or any other person, payment of a demand or any part thereof in money." By section 2157 of the Code it is provided that: "Where a consenting creditor is the purchaser or assignee of a debt against a petitioner, or the executor, administrator, trustee, or receiver of such a purchaser or assignee, he is deemed, for all the purposes of this article, except as to the decla-

ration and receipt of dividends, a creditor only to the amount actually and in good faith paid for the debt by him, or by the decedent or other person, from whom he derived title, and remaining uncollected." By section 2160 it is provided that the consent of a creditor "must be accompanied by his affidavit, stating as follows:   *   *   *; and, if he, or the person from whom he derives title, is or was the purchaser or assignee of the debt, he must also specify the sum actually and in good faith paid for the debt, as prescribed in section two thousand one hundred and fifty seven of this act." Jane E. Leggat failed to specify the consideration that she paid for the assignment of this claim against the insolvent debtor. Her allegation is that she paid "full consideration." What that full consideration was is not stated. She was required to state in her affidavit the sum that she "actually and in good faith paid for the debt," and she could only be deemed a creditor to that amount. Thus it appeared that claims of the petitioner's creditors aggregating $3,080.18 could not be counted to make up the necessary two-thirds of the creditors of the insolvent who joined in the petition, and the petitioner did not, therefore, annex to his petition the written instrument executed by his creditors having debts owing to them in good faith which amount to two-thirds of his debts owing by the petitioner to creditors residing within the United States. For this reason the court of common pleas did not have jurisdiction over the proceedings, and the discharge granted was void. Section 2186 of the Code does not apply to objections to the jurisdiction of the court to entertain the proceeding. It provides that, when the insolvent debtor is guilty of certain specified offenses, a discharge that is granted shall be void; but there is nothing in the section which would prevent any one affected by the discharge from questioning the jurisdiction of the court that granted it.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.